IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **JUSTIN CHARLES HIXSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 3:23-CV-00098-TES-CHW |
| VS. | : | |
| | : | |
| **FRANKLIN COUNTY JAIL,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

Presently pending before the Court are claims filed by Justin Charles Hixson, a pretrial detainee presently incarcerated at the Franklin County Detention Center in Carnesville, Georgia (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* in this action (ECF No. 2). For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, but Plaintiff will be required to supplement or amend his Complaint to provide the Court with additional information if he wishes to proceed with this action.

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action. His application to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.     Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court

each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**II.     Plaintiff's Obligations Upon Release**

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**ORDER TO SUPPLEMENT**

Plaintiff's claims arise from his arrest in Franklin County, Georgia, on July 4, 2023. Compl. 4-5, ECF No. 1. Plaintiff contends that on that date, law enforcement was "looking for subjects burglarizing homes" in the area. *Id.* at 5. Plaintiff was "headed home" when law enforcement officials "made [him] pull forward to there [sic] road block." *Id.* Plaintiff "politely" refused to produce identification when requested "because no crime had been committed." *Id.* Plaintiff then alleges "they jerked [him] out of [his] car threw [him] on

the ground and falsely arrested" him.  *Id.*  Plaintiff further contends his left collarbone and shoulder were injured during the arrest, but he was denied medical treatment and was "kept . . . in [a] holding cell for 4 days because [he] refused to sign in to jail (finger prints etc.)."  *Id.*  Plaintiff contends law enforcement officials' actions violated his constitutional rights, and as a result he seeks his release from jail and monetary damages.  *Id.*

When construed liberally, it appears Plaintiff is alleging that law enforcement officers (1) improperly stopped him at the roadblock; (2) falsely arrested him for failing to produce his identification; (3) used excessive force to effectuate the arrest; and (4) failed to provide Plaintiff with adequate medical treatment for the injuries Plaintiff suffered during the arrest.  The only individual named as a Defendant in this action is Deputy McCurry, whom Plaintiff identifies as an "arresting officer."  *See* Compl. 1, ECF No. 1.

Although Plaintiff identifies Defendant McCurry as one of the arresting officers in this case, he never alleges that it was Defendant McCurry who stopped Plaintiff at the roadblock, ordered Plaintiff to produce identification, or "jerked" Plaintiff out of the car and "threw [him] on the ground" when Plaintiff refused to produce identification.  *See id.* at 5.  It is also not clear from the Complaint that Defendant McCurry would have been the individual who refused to provide Plaintiff with medical attention for any injuries suffered during the arrest.  Plaintiff has therefore failed to plead specific facts that associate Defendant McCurry with a constitutional violation, and his claims could be dismissed on this ground alone.  *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with

4

a particular constitutional violation). The Court cannot simply assume that Defendant McCurry was responsible for the specific actions that Plaintiff contends violated his rights.

In addition, some or all of Plaintiff's claims may implicate the United States Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to *Younger,* federal courts must refrain from intervening with pending state criminal proceedings when the party requesting federal intervention has an adequate remedy at law and will not suffer irreparable injury. *Id.* at 53. *Younger* abstention is thus required where (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See, e.g., Newsome v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (per curiam) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see also Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (extending *Younger* to § 1983 actions for money damages).

For these reasons, the Court requires additional information about Plaintiff's claims before further processing of this case. Plaintiff is therefore **ORDERED** to amend and/or supplement his Complaint by recasting his statement of claims within **FOURTEEN (14) DAYS** of the date of this Order. It is recommended that, when drafting this statement of claims, Plaintiff take a blank piece of paper and list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role? Was the defendant personally involved in the constitutional violation? If not, did his actions otherwise cause the unconstitutional action? How do you know?

 (2) *When* and *where* did each action occur (to the extent memory allows)?

 (3) *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

 (4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

 (5) *What* did this defendant do (or not do) in response to this knowledge?

 (6) *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his statement of claims, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in his statement of claims against a named defendant, that defendant will be dismissed.

In addition, Plaintiff is **ORDERED** to provide additional information explaining the status and outcome of any criminal charges that are related to the events described in the Complaint. Such explanation should include a listing of each of the crimes for which Plaintiff was arrested, charged, and/or convicted; the outcome of each of the charges, including an explanation of whether his present incarceration is related to any of those charges; the dates on which each of these charges was resolved; and an explanation of

whether any of these charges are still pending.  **Plaintiff's recast statement of claims including all of this information must be no longer than ten (10) pages in its entirety.**

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to submit his recast statement of claims containing the information described above.  **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.**  Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address.  There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 3rd day of November, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge